**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS EDWARD CLUTTS JR., | Case No. 2:24-cv-01291-SPG-AJR |
| Plaintiff, | **MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| FEDERAL BUREAU OF PRISONS, | |
| Defendant. | |

**I.**

**INTRODUCTION**

On February 14, 2024, Plaintiff Thomas Edward Clutts, Jr. ("Plaintiff"), a federal prisoner incarcerated at the Federal Correctional Institution located in Butner, North Carolina ("FCI-Butner"), proceeding *pro se*, filed this action against the Federal Bureau of Prisons ("BOP"). (Dkt. 1 the "Complaint.")  Plaintiff alleges that on February 23, 2022, he was incarcerated at the Federal Correctional Institution located in Victorville, California ("FCI-Victorville").  (Id. at 1.)  Plaintiff alleges that while he was in federal custody, he sustained injuries to his right arm

that have rendered his right arm "useless." (Id. at 2.)  Plaintiff asserts that his injuries are a result of the BOP's negligence because, if the BOP had taken action when Plaintiff requested medical care, Plaintiff's permanent injuries would not have occurred. (Id.)  Specifically, Plaintiff alleges that he was housed in the Special Housing Unit ("SHU") when he requested medical treatment, and then waited five days to be evaluated by a medical staff member, even though his right arm was "the size of a football." (Id.)

Once he was examined, Plaintiff alleges that he was told he would need "an emergency surgery to amputate his arm." (Id.)  Plaintiff states that the doctors were able to save his arm but the damages resulting from his injuries left his right arm useless. (Id.)  Today Plaintiff refers to his right arm as a "club" because he lacks motor use of it. (Id.)  Plaintiff seeks monetary damages. (Id. at 3.)

It is not clear from Plaintiff's Complaint whether he seeks to bring a civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 (1971), or a medical negligence claim against the BOP under the Federal Tort Claims Act.  Accordingly, the Court will address each possible claim in turn.

## II.

## LEGAL STANDARD

Congress mandates that district courts initially screen civil complaints filed by prisoners seeking redress from a governmental entity or employee. See 28 U.S.C. § 1915A.  A court may dismiss such a complaint, or any portion thereof, if the court concludes that the complaint: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1)–(2); see also id. § 1915(e)(2) ("[The court] shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on

2

which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."); accord Lopez v. Smith, 203 F.3d 1122, 1126–27 & n.7 (9th Cir. 2000) (*en banc*).

Under Federal Rule of Civil Procedure 12(b)(6), a trial court may dismiss a claim *sua sponte* "where the claimant cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 726 (D.C. Cir. 1990) (*per curiam*) (adopting the Ninth Circuit's position in Omar and noting that such a *sua sponte* dismissal "is practical and fully consistent with plaintiff's rights and the efficient use of judicial resources").  The Court's authority in this regard includes *sua sponte* dismissal of claims against defendants who have not been served and defendants who have not yet answered or appeared.  See Abagnin v. AMVAC Chem. Corp., 545 F.3d 733, 742-43 (9th Cir. 2008); see also Reunion, Inc. v. F.A.A., 719 F. Supp. 2d 700, 701 n.1 (S.D. Miss. 2010) ("[T]he fact that [certain] defendants have not appeared and filed a motion to dismiss is no bar to the court's consideration of dismissal of the claims against them for failure to state a claim upon which relief can be granted, given that a court may dismiss any complaint *sua sponte* for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6).").

Moreover, when a plaintiff appears *pro se* in a civil rights case, the Court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt.  See Byrd v. Phoenix Police Dep't, 885 F.3d 639, 642 (9th Cir. 2018); Hoffman v. Preston, 26 F.4th 1059, 1063 (9th Cir. 2022) ("We construe pro se complaints liberally and afford the petitioner the benefit of any doubt.").  In giving liberal interpretation to a *pro se* complaint, the Court may not, however, supply essential elements of a claim that were not initially pled.  See Litmon v. Harris, 768 F.3d 1237, 1241 (9th Cir. 2014).  The Court must give a *pro se* litigant leave to amend the complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Akhtar v. Mesa, 698 F.3d 1202,

3

1212 (9th Cir. 2012) (internal quotation marks omitted).

## III.

## DISCUSSION

**A.    Plaintiff Cannot State A *Bivens* Claim Against The Federal Bureau of Prisons.**

While "Congress has made a cause of action available to any person who has suffered 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' at the hands of someone acting under color of state law," it "has not created a general cause of action to redress violations of the Constitution by *federal* officers." Pettibone v. Russell, 59 F.4th 449, 454 (9th Cir. 2023) (quoting 42 U.S.C. § 1983). In three cases decided between 1971 and 1980, "the Supreme Court held that the Constitution contains an implied cause of action through which plaintiffs can seek damages from federal officers who violated their constitutional rights [under Bivens]." Id.

However, a civil rights action against a federal defendant may be brought *only* against an offending individual officer or officers, not the United States or its agencies. See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001) ("The prisoner may not bring a Bivens claim against the officer's employer, the United States, or the BOP."). As such, there is no cause of action under Bivens against federal agencies, including the BOP. See Ibrahim v. Dep't of Homeland Sec., 538 F.3d 1250, 1257 (9th Cir. 2008) ("But no Bivens-like cause of action is available against federal agencies or federal agents sued in their official capacities."). However, the only defendant identified in the Complaint is the BOP. (Dkt. 1 at 1.) Accordingly, to the extent Plaintiff's Complaint alleges a Bivens claim against the BOP, that claim must be dismissed.

**B.      Plaintiff Has Not Stated A Claim For Medical Negligence Under The Federal Tort Claims Act ("FTCA").**

"The FTCA authorizes private tort actions against the United States 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" Jachetta v. United States, 653 F.3d 898, 904 (9th Cir. 2011) (quoting 28 U.S.C. § 1346(b)(1)). A suit may not be instituted against the United States under the FTCA unless the claim is first presented to the appropriate federal agency and one of the following conditions is met: the claim is finally denied, or six months have passed without a final resolution having been made. See 28 U.S.C. § 2675(a); Tritz v. U.S. Postal Serv., 721 F.3d 1133, 1140 (9th Cir. 2013) ("[F]ederal district courts have jurisdiction to hear a plaintiff's tort claim under the FTCA only after the plaintiff has exhausted the claim by submitting it to the appropriate federal agency first."). "The purpose of the FTCA's administrative claim procedure is 'to encourage administrative settlement of claims against the United States and thereby to prevent an unnecessary burdening of the courts.'" Brady v. United States, 211 F.3d 499, 503 (9th Cir. 2000) (quoting Jerves v. United States, 966 F.2d 517, 521 (9th Cir. 1992)); see also Kwai Fun Wong v. Beebe, 732 F.3d 1030, 1047 (9th Cir. 2013) (FTCA's exhaustion requirement "reduc[es] court congestion by keeping claims out of court until an administrative agency has had a chance to settle them").

The claim presentation requirement is a jurisdictional prerequisite to bringing suit under the FTCA and must be affirmatively alleged in the complaint. Gillispie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980); Tritz, 721 F.3d at 1140. "'Because the requirement is jurisdictional, it must be strictly adhered to.'" Valadez-Lopez v. Chertoff, 656 F.3d 851, 855 (9th Cir. 2011) (quoting Brady, 211 F.3d at 502); Vacek v. U.S. Postal Service, 447 F.3d 1248, 1250 (9th Cir. 2006) ("We have repeatedly held that the exhaustion requirement is jurisdictional in nature and must

5

be interpreted strictly."); <u>Jerves</u>, 966 F.2d at 519 ("[T]his 'claim requirement of section 2675 is jurisdictional in nature and may not be waived.'") (quoting <u>Burns v. United States</u>, 764 F.2d 722, 724 (9th Cir. 1985)).

Here, Plaintiff has not alleged that he presented his claim to the BOP, that the claim was denied, or that at least six months have passed without a final resolution of any such claim.  <u>See</u> 28 U.S.C. § 2675(a).  Accordingly, to the extent Plaintiff's Complaint alleges a medical negligence claim under the FTCA, it must be dismissed for lack of jurisdiction.

## IV.

## DISPOSITION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Complaint (Dkt. 1) is dismissed with leave to amend.  On or before **August 4, 2024**, Plaintiff shall file a First Amended Complaint ("FAC") that attempts to remedy the identified defects.  If Plaintiff chooses to file a FAC, it should bear the docket number assigned to this case (2:24-cv-01291-SPG-AJR), be labeled "First Amended Complaint," and be complete in and of itself without reference to the prior complaints or any other documents (except any documents that Plaintiff chooses to attach to the FAC as exhibits).  Plaintiff is encouraged to state his claims in simple language and provide only a brief statement of supporting facts, omitting facts that are not relevant.  **Plaintiff is encouraged to utilize the form complaint attached to this Order.**

If Plaintiff fails to timely respond to this order by filing a FAC, this action may be dismissed with prejudice for failure to obey court orders and/or failure to prosecute.  If Plaintiff no longer wishes to pursue this action or certain of the defendants, he may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  <u>A form Notice of</u>

Dismissal is attached for Plaintiff's convenience.

IT IS SO ORDERED.

DATED: July 5, 2024

_____
HON. A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE

Attachments:

CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).

CV-66, United States District Court, Central District of California Civil Rights Complaint.

7