UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     2:24-cv-01291-SPG-AJR                    Date: August 12, 2024
                                                     Page 1 of 3

Title:       Thomas Edward Clutts Jr. v. Federal Bureau of Prisons

DOCKET ENTRY:  **ORDER RE PLAINTIFF'S FIRST AMENDED COMPLAINT (DKT. 21)**

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| _Claudia Garcia-Marquez_ | _____None_____ | __None__ |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF:        ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                            None Present

**PROCEEDINGS:  (IN CHAMBERS)**

On February 14, 2024, Plaintiff Thomas Edward Clutts, Jr. ("Plaintiff"), a federal prisoner incarcerated at the Federal Correctional Institution located in Butner, North Carolina ("FCI-Butner"), proceeding *pro se*, filed this action against the Federal Bureau of Prisons ("BOP").  (Dkt. 1 the "Complaint.")  On July 5, 2024, the Court issued an order dismissing Plaintiff's Complaint with leave to amend.  (Dkt. 16.)  On July 25, 2024, Plaintiff filed a "Motion for Leave to Amend Complaint," which the Court construed as a First Amended Complaint (the "FAC").  (See Dkts. 21-22.)  The FAC names the Warden of FCI Victorville, as well as numerous unnamed correctional officers.  (Dkt. 21.)  The Court reviewed the FAC and deemed it appropriate for service on the Warden as an individual, with regard to Plaintiff's constitutional civil rights claim under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 (1971).  On August 9, 2024 the Court issued a Summons and Order Directing Service of Plaintiff's FAC by the U.S. Marshals Service.  (Dkts. 24-26.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.	2:24-cv-01291-SPG-AJR	Date:  August 12, 2024
	Page 2 of 3

Title:	Thomas Edward Clutts Jr. v. Federal Bureau of Prisons

With regard to Plaintiff's Bivens claim against the Warden and unnamed Doe correctional officers, Plaintiff is advised that "[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process until they are identified by their real names." Robinett v. Correctional Training Facility, 2010 WL 2867696, at *4 (N.D. Cal. July 20, 2010).

Plaintiff is advised that the Court has directed service of the FAC on the Warden, but is unable to direct service on the Doe defendants until Plaintiff has identified them and amended his complaint to substitute the defendants' actual names. **Accordingly, Plaintiff is ordered to file a response to this Order by September 9, 2024, providing any identifying information he has for the Doe defendants.  Plaintiff may satisfy this Order by filing a response, signed under penalty of perjury, setting forth any identifying information he has for the Doe defendants such as full or partial names, badge numbers, physical descriptions, or any other identifying information for the unnamed defendants listed in the FAC.** If Plaintiff is unable to provide sufficient identifying information so that the Court can direct service of the FAC on the Doe defendants, then the Court will authorize limited discovery once the Warden appears in the action. See Gillespie, 629 F.2d at 642.

The Court notes that is unclear in the FAC whether Plaintiff seeks to bring a claim under Federal Tort Claims Act ("FTCA") against the BOP.  To the extent Plaintiff seeks to bring a FTCA claim against the BOP, Plaintiff is advised that the FTCA "provides that the United States is the *sole party* which may be sued for personal injuries arising out of the negligence of its employees." Allen v. Veterans Admin., 749 F.2d 1386, 1388 (9th Cir. 1984) (affirming dismissal of FTCA claim because United States was not the sole defendant) (emphasis added); Newman v. United States, 2009 WL 1779687, at *3 (E.D. Tex. June 22, 2009) ("[T]o sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant.")  Accordingly, the agency implicated in the alleged wrongdoing, here the BOP, cannot be named as a defendant in a FTCA claim, only the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.    2:24-cv-01291-SPG-AJR | Date:  August 12, 2024 |
| | Page 3 of 3 |

Title:    Thomas Edward Clutts Jr. v. Federal Bureau of Prisons

---

United States can be named.  See F.D.I.C. v. Meyer, 510 U.S. 471, 476 (1994) ("[I]f a suit is 'cognizable' under § 1346(b) of the FTCA, the FTCA remedy is 'exclusive' and the federal agency cannot be sued 'in its own name.'").

**Therefore, Plaintiff is directed to file a response to this Order by September 9, 2024, stating whether he intends to sue the United States under the FTCA.  If Plaintiff states that he does not intend to pursue a claim under the FTCA, the Court will construe that as a motion to amend to remove any such claim.  If Plaintiff states that he does intend to sue the United States under the FTCA, the Court will construe that as a motion to amend to add the United States as the only defendant for the FTCA claim.  Plaintiff can satisfy this Order by filing a response, signed under penalty of perjury, stating whether he intends for his FAC to include a cause of action against the United States under the FTCA.**

**Finally, Plaintiff is warned that if he fails to timely respond to this Order, the Court may recommend dismissal of the action with prejudice for failure to obey Court orders and/or failure to prosecute.**

IT IS SO ORDERED.