BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
JILL S. CASSELMAN (Cal. Bar No. 266085)
Assistant United States Attorney
        Federal Building, Suite 7516
        300 North Los Angeles Street
        Los Angeles, California 90012
        Telephone: (213) 894-0165
        Facsimile: (213) 894-7819
        Email: Jill.Casselman@usdoj.gov

Attorneys for Defendants Ashley Pena and
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS EDWARD CLUTTS, JR.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA;<br>NURSE PENA; NURSE JOHNSON;<br>NURSE FIELDS; DOCTOR GULANI,<br><br>Defendants. | Case No. 2:24-cv-01291-SPG-AJR<br><br>**DEFENDANTS UNITED STATES OF AMERICA AND ASHLEY PENA'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED ORDER]**<br><br>[No Hearing Requested – Plaintiff is *pro se* and in custody]<br><br>Honorable A. Joel Richlin<br>United States Magistrate Judge |

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that Defendants United States of America and Ashley Pena, ("Defendants") move this Court for an order dismissing Plaintiff Thomas Edward Clutts, Jr.'s ("Plaintiff's") Second Amended Complaint pursuant to Federal Rule of Civil Procedure Rules 12(b)(1) and 12(b)(6).  The grounds for the Motion are as follows:

1. Plaintiff fails to allege a waiver of sovereign immunity for his declaratory relief claim against the United States or Defendant Pena. Fed. R. Civ. P. 12(b)(1).

2. Plaintiff fails to state a claim for deliberate indifference to medical needs under the Eighth Amendment against Defendant Pena. Fed. R. Civ. P. 12(b)(6).

3. Even assuming *arguendo* that Plaintiff could establish a constitutional violation by Defendant Pena, Defendant Pena is entitled to qualified immunity. Fed. R. Civ. P. 12(b)(6).

This motion is made upon this Notice, the attached Memorandum of Points and Authorities, the briefing and files in this action, and such other evidence or argument as the Court may consider.

This matter is exempt from the conference requirements of Local Rule 7-3 pursuant to Local Rule 16-12(c) because Plaintiff is *pro se*, in custody, and not an attorney.  *See* L.R. 7-3 and 16-12(c). Additionally, because Plaintiff is in custody, no hearing date has been requested.

Dated: April 9, 2025                           Respectfully submitted,

i

BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section


*/s/ Jill S. Casselman*
JILL S. CASSELMAN
Assistant United States Attorney

Attorneys for Defendants United States of
America and Ashley Pena

ii

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

On October 21, 2024, the Second Amended Complaint of *pro se* Plaintiff Thomas Edward Clutts, Jr. ("Plaintiff") was deemed filed by this Court against the United States and four individuals who were at one point employed by the Federal Bureau of Prisons ("BOP"). ECF 31 (hereafter, "SAC"). Only one of those individuals, Defendant Ashley Pena ("Defendant Pena") still works for the BOP and has been served. In the SAC, Plaintiff attempts to allege claims for: (1) declaratory relief against all defendants; (2) deliberate indifference to serious medical needs under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*") against Defendant Pena; and (3) medical negligence against Defendant United States of America. Specifically, Plaintiff claims that while he was housed at the Federal Correctional Institution in Victorville, California ("FCI Victorville"), Nurse Practitioner Pena was deliberately indifferent to his medical needs by failing to provide appropriate treatment for his swollen arm, and the United States committed medical neglect and malpractice. SAC at ¶¶ 5-15.

The Court should dismiss in favor of the United States and Defendant Pena. Preliminarily, Plaintiff fails to allege a waiver of sovereign immunity for his declaratory relief claim against the United States or Defendant Ashley Pena. Neither *Bivens* nor the FTCA authorize suits for declaratory relief.

Additionally, Plaintiff's *Bivens* claims against Defendant Pena should be dismissed because Plaintiff's allegations fail to present cognizable constitutional violations by Defendant Pena. Plus, even if Plaintiff's *Bivens* claims were actionable, and even if Plaintiff presented cognizable constitutional claims, Defendant Pena is entitled to qualified immunity.

For all these reasons, the Court should dismiss Defendant Pena from this action and dismiss the declaratory relief claim against the United States.

## II.    FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff is a federal inmate serving a 323-month term in federal prison for trafficking methamphetamine.[2] In or about February 18, 2022[3], Plaintiff was housed at FCI Victorville when he began experiencing moderate right arm pain, "presumably due to a bug bite." SAC at ¶ 5. The next morning, Plaintiff's arm was still in pain, causing him to complain to nursing staff, including Defendant Pena. *Id.* at ¶ 6. Nurse Pena allegedly told Mr. Pena that she believed it was staph[4], and that he should fill out a sick-call slip to see the doctor on a Wednesday. *Id.* Plaintiff complained to another nurse that night. *Id.* Plaintiff continued complaining to nurses and medical staff that brought him his medication for the next several days. *Id.* at ¶ 7. Each time, he was told that they could not help him with his arm pain, and that he could not see a doctor for another few days due to a Victorville policy statement affecting inmates house in the special housing unit, or SHU. *Id.* When the new week began, another nurse allegedly told him she could not help, and a doctor allegedly refused to see him. *Id.* at ¶ 8.

On February 24, 2022, Plaintiff was seen by Dr. Gulani. *Id.* at ¶ 9. Dr. Gulani requested an immediate transfer to the hospital. *Id.* At the hospital, Plaintiff was diagnosed with necrotizing fasciitis and received several surgeries to address his condition.  *Id.* at ¶¶ 10-12. Plaintiff now has issues using his right arm, fear of close confinement, and panic attacks. *Id.* at ¶¶ 13-15.

Plaintiff submitted an administrative tort claim with the BOP on August 1, 2022.

---

[1] Unless otherwise noted, the facts recited *infra* are derived from the non-conclusory allegations in Plaintiff's SAC.

[2] See August 27, 2019 Press Release from United States Attorney's Office for the Northern District of Iowa, accessible online at https://www.justice.gov/usao-ndia/pr/california-man-sentenced-over-25-years-prison-trafficking-meth-california-iowa.

[3] This date is estimated based upon Plaintiff's SAC representations and attached medical records.

[4] "Staph" is understood to refer to a bacterial infection caused by Staphylococcus bacteria.

2

*Id.* at ¶ 16. This suit followed.

### A.    Plaintiff's Allegations Against Defendant Ashley Pena

Plaintiff alleges that on approximately February 19, 2022, Defendant Pena was working as a BOP nurse.[5] SAC at ¶ 6. Plaintiff claims that Defendant Pena told him that she believed he had staph, and to fill out a sick-call slip to see the doctor on a Wednesday. *Id.* She allegedly told Plaintiff the same thing as other staff: that she could not help him because of a "policy statement in affect [sic] for inmates housed in the SHU." *Id.* at ¶ 7. There are no allegations that Defendant Pena interacted with Plaintiff again after the alleged encounter on the very first day he reported arm pain to BOP staff.

### B.    Procedural History of Plaintiff's Suit

On February 14, 2024, Plaintiff filed the original Complaint against Defendant "Federal Bureau of Prisons." ECF 1. On July 5, 2024, the Court issued an order dismissing Plaintiff's original complaint with leave to amend. ECF 16. On July 26, 2024, Plaintiff filed his First Amended Complaint. ECF 21. On August 12, 2024, the Court issued an order directing Plaintiff to state whether he intends to sue the United States under the FTCA. ECF 27. On September 9, 2024, Plaintiff filed a response. ECF 29. On September 25, 2024, the Court issued a Minute Order indicating that it was still unclear from Plaintiff's response which claims were alleged against which defendant, and whether Plaintiff intended to sue the United States under the FTCA, and thus granting Plaintiff further leave to amend. ECF 30. Plaintiff filed the operative SAC on October 21, 2024, for the first time naming Defendants United States and Ashley Pena. ECF 31.[6]

## III.   LEGAL STANDARDS

### A.    Motion to Dismiss Under Rule 12(b)(1)

Dismissal under Rule 12(b)(1) is proper if the Court lacks subject matter

---

[5] Ashley Pena is actually a BOP Medical Technician.

[6] Plaintiff named other defendants who are no longer with the BOP and thus were not served. *See* ECF 45-50.

3

jurisdiction to adjudicate a party's claims. Fed. R. Civ. P. 12(b)(1); *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40 (9th Cir. 2003). When considering a motion to dismiss for lack of subject matter jurisdiction, the court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). Importantly, the burden of proof on a Rule 12(b)(1) motion is on the party invoking the Court's jurisdiction. *Sopcak v. No. Mountain Helicopter Serv.,* 52 F.3d 817, 818 (9th Cir. 1995). "Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Accordingly, here, plaintiff bears the burden of establishing that the Court has jurisdiction over each of his claims.

### B.      Motion to Dismiss Under Rule 12(b)(6)

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed for failure to state a claim for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); see also *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The court must construe the complaint in the light most favorable to the plaintiff, accept all allegations of material fact as true, and draw all reasonable inferences from well-pleaded factual allegations. *Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002). The court is not required to accept as true legal conclusions couched as factual allegations. *See Iqbal*, 556

U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## IV. ARGUMENT

### A. The SAC Fails to Allege a Waiver of Sovereign Immunity applicable to Plaintiff's Claim for Declaratory Relief.

An action against the United States is barred, and no subject matter jurisdiction exists, if the United States has not explicitly waived its sovereign immunity against suit. *See, e.g., United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1117 (9th Cir. 2003); *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1996).

"When the government is sued, the plaintiff in that suit bears the burden of showing that the government has waived its sovereign immunity." *Krieg v. Mills*, 117 F. Supp. 2d 964, 967 (N.D. Cal. 2000) (citing *Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995)). "Any waiver of immunity must be, 'unequivocally expressed,' and any limitations and conditions upon the waiver 'must be strictly observed and exceptions thereto are not to be implied.'" *Hodge*, 107 F.3d at 707 (quoting *Lehman v. Nakshian,* 453 U.S. 156, 160 (1981)). "As the party asserting a claim against the United States, [plaintiff] has the burden of 'demonstrating an unequivocal waiver of immunity.'" *United States v. Park Place Assoc., Ltd.*, 563 F.3d 907, 924 (9th Cir. 2009). Thus, "statutes waiving the sovereign immunity of the United States must be strictly construed." *Gasho v. United States*, 39 F.3d 1420, 1433 (9th Cir. 1994).

Here, in addition to damages, Plaintiff seeks declaratory relief against the United States and Defendant Pena. *See* ECF 31 at p. 6. But such relief is unavailable under the FTCA, which only allows actions for money damages. *See Westbay Steel, Inc. v. U.S.*, 970 F.2d 648, 651 (9th Cir. 1992). Such relief is also unavailable under *Bivens*. *Solida v.*

*McKelvey*, 820 F.3d 1090, 1093 (9th Cir. 2016) (relief under *Bivens* does not encompass injunctive and declaratory relief where the equitable relief sought requires official government action). Accordingly, Plaintiff identifies no sovereign immunity waiver applicable to his claim for declaratory relief against the United States or Defendant Pena, and thus the claim should be dismissed.

**B.    Plaintiff Fails to State an Eighth Amendment Deliberate Indifference Claim against Defendant Pena.**

It is well-established that the "government has an obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Supreme Court has explained that inmates must rely upon prison authorities to treat their medical needs and if the authorities fail to do so, those needs will not be met. *Id.* Accordingly, the Eighth Amendment's proscription against cruel and unusual punishment may be violated by an official's "deliberate indifference to the serious medical needs of a prisoner." *Id.*

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). The Ninth Circuit has held that for deliberate indifference to be established, a defendant must "purposefully ignore or fail to respond to a prisoner's pain or possible medical need." *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds by *WMX Tech., Inc., v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997). Thus, an inadvertent failure or delay in providing adequate medical care, mere negligence or medical malpractice, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, are all insufficient to constitute an Eighth Amendment violation. *See Estelle*, 429 U.S. at 104-07; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1995). Importantly, Plaintiff's own assessment that his medical care was inadequate cannot form the basis of deliberate indifference. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981)

6

(dismissing deliberate indifference claims in screening).

To act with deliberate indifference, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Indeed, "[e]ven if a prison official should have been aware of the risk, if he 'was not, then [he] has not violated the Eighth Amendment, no matter how severe the risk.'" *Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (quoting *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)). Finally, an official's reliance on the opinions of subject matter experts, "when he has no expertise to contribute to that review," is not a wanton infliction of unnecessary pain. *Id.* at 1087.

Here, Plaintiff fails to state an Eighth Amendment deliberate indifference claim against Defendant Pena. Indeed, Plaintiff's allegations against Defendant Pena fail to demonstrate that she acted intentionally, with a subjectively culpable state of mind, in ignoring Plaintiff's alleged symptoms. Indeed, the SAC concedes that Defendant Pena saw Plaintiff on the *first* day that he complained of arm pain. SAC ¶ 6. There is no indication that she saw him again, or that she had any reason to suspect his condition was urgent or worsening.

At most, Plaintiff's claims against Defendant Pena constitute a difference of medical opinion as to the severity of his arm on day one. Per the SAC, Defendant Pena believed that Plaintiff had a staph infection and did not require medical attention on an emergency basis. *See* SAC at ¶ 6 ("Mr. Clutts was told by the Nurse [Pena] that she believed it was Staph, and to fill out a sick-call slip to see the doctor on a Wednesday.") But, even if Plaintiff could establish medical malpractice or gross negligence against Defendant Pena, he would not state a *Bivens* claim. *See Toguchi*, 391 F.3d at 1060. Consequently, Plaintiff's Eighth Amendment deliberate indifference claims against Defendant Pena should be dismissed.

**C.    Even if Plaintiff had Alleged an Otherwise Viable Claim, the Doctrine of Qualified Immunity Would Bar Plaintiff's Eighth Amendment Deliberate Indifference Claims against Defendant Pena.**

The doctrine of qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation omitted). The purpose of the doctrine is to "shield officials from harassment, distraction, and liability when they perform their duties reasonably" and "applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions or law and fact.'" *Id*. (citation omitted). A government official sued in a *Bivens* action is entitled to qualified immunity unless the plaintiff shows that (1) the defendant personally violated the plaintiff's constitutional right; and (2) the "right was clearly established at the time of the officer's alleged misconduct." *S.B. v. Cty of San Diego*, 864 F.3d 1010, 1013 (9th Cir. 2017). *See also Ashcroft v. Al-Kidd*, 563 U.S. 731, 735, 741 (2011).

"Qualified immunity 'represents the norm' for government officials exercising discretionary authority" *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915 (9th Cir. 2012) (citation omitted). "Like absolute immunity, 'qualified immunity is an immunity from suit and not merely damages.'" *Id.* (citation omitted). Qualified immunity "is designed to protect defendants even from defending the action." *Jeffers v. Gomez*, 267 F.3d 895, 906-07 (9th Cir. 2001). As an immunity from suit, as opposed to a mere defense to liability, qualified immunity "is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Consequently, "qualified immunity questions should be resolved at the earliest possible stage of a litigation." *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Under the doctrine of qualified immunity, even if a plaintiff can show a violation of his constitutional right, a government official is not liable unless the constitutional

right in question was "clearly established" at the time of the official's conduct such that every reasonable person in the official's position would have known that what he was doing violated that right. *Al-Kidd*, 563 U.S. at 741. While a plaintiff need not find "a case directly on point," "existing precedent must have placed the . . . constitutional question beyond debate." *Id.* The constitutional right must not be defined "at a high level of generality," *White v. Pauly*, 137 S. Ct. 548, 552 (2017), and the inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).

Under this standard, even if Plaintiff could meet the first prong of the qualified immunity test for Defendant Pena, he cannot meet the second prong for his Eighth Amendment deliberate indifference claim. Plaintiff has not identified any clearly established law that Defendant Pena has violated in refusing him emergency medical care on day one of his arm pain. In the absence of any such clearly established law, each Defendant Pena is entitled to qualified immunity.

## IV.   CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court grant this Motion, dismiss Defendant Pena from the action, and dismiss the claim for declaratory relief claim against the United States.

Dated: April 9, 2025                                    Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

*/s/ Jill S. Casselman*
JILL S. CASSELMAN
Assistant United States Attorney

Attorneys for Defendants United States of America and Ashley Pena

10