FILED
CLERK, U.S. DISTRICT COURT

MAY 16 2025

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

THOMAS EDWARD CLUTTS JR.,                )
                Plaintiff                )
                                         )
        v.                               )   No. 2:24-cv-1291
                                         )
UNITED STATES OF AMERICA, et al.,        )

PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS

INTRODUCTION

On October 21, 2024, Plaintiff filed his Second Amended Complaint with this court. ECF 31. Shortly after, the Defendant sought a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Doc. 56. This court gave Plaintiff until the 9th of May to file his response. Doc. 57 For the various reasons listed below, this court should deny Defendant's Motion to Dismiss as to all grounds and allow this suit to continue forward.

(1)

ARGUMENT

A.   Standard of Review

1.   Standard of Review for a Motion to Dismiss
     Under 12(b)(1)

In ruling on a Motion to Dismiss for lack of subject-matter jurisdiction, courts look at whether the motion is either a facial or a factual attack.  See, e.g., Davis v. Anthony, Inc., 886 F.3d 674, 679 (8th Cir. 2018); Constitution Party of Pa. v. Aichele, 757 F.3d 347, 357 (3d Cir. 2014).  If a 12(b)(1) motion challenges the sufficiency of the allegations of jurisdiction, it is a facial attack.  See Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009).  This includes whether the complaint alleges sufficient facts on which subject-matter jurisdiction can be based.  In a facial attack, this court should accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  id.  Finally, this court should not look beyond the allegations in the complaint. See Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 105 (3d Cir. 2015); Apex Digital, Inc. v. Sears, Roebuck & Co., 572 F.3d 440, 443 - 44 (7th Cir. 2009).

2.   Standard of Review for a Motion to Dismiss
     Under 12(b)(6)

A motion to dismiss for failure to state a claim upon which relief can be granted tests the formal sufficiency of the plaintiff's statement of its claim for relief in the complaint.

(2)

See Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). The motion cannot be used to resolve factual issues or the merits of the case. id. A motion to dismiss under 12(b)(6) is appropriate only if the plaintiff has not provided fair notice of its claim and factual allegations - when accepted as true - are plausible and rise above mere speculation. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), Bell Atl. Corp v. Twambly, 550 U.S. 544, 555-56 (2007). Thus, the question is not whether the plaintiff will prevail, but whether the complaint contains enough factual material to raise a right to relief above the speculative level. Renfro v. Unisys Corp., 671 F.3d 314, 320 (3d Cir. 2011); See Skinner v. Switzer, 562 U.S. 521, 529-30 (2011); Bell Atl. Corp., 550 at 555-56.

Generally, a court will not dismiss without leave to amend on the first challenge to the plaintiff's complaint. Curley v. Perry, 246 F.3d 1278, 1281-82 (10th Cir. 2001); see Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (court must inform plaintiff of right to amend unless amendment would be inquitable or futile), or if Plaintiff had opportunity to state a claim upon which relief can be granted but has not succeeded. See Ohio Police & Fire Pension Fund v. Standard & Poor Fin. Servs., 700 F.3d 829, 844 (6th Cir. 2012); Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993) (complaint was dismissed because plaintiff never properly amended complaint despite order to conform to concise-pleading requirements of Rule 8(a)).

B.  As to the failure to allege a waiver of
    sovereign immunity in support of the Motion
    to Dismiss, this ground should be denied

The Defendant argues that the Plaintiff's Eighth Amendment claims for declaratory judgement are barred by the failure to plead a statutory waiver of sovereign immunity.  Such a defense is "quasi-jurisdictional" in nature and may be raised in a Motion to Dismiss under Rule 12(b)(1) or 12(b)(6).  Sato v. Orange Cty. Dep't of Educ., 861 F.3d 923, 927, n. 2 (9th Cir. 2017). Though declaratory and injuctive relief are barred under the FTCA, these forms of relief may be a proper remedy under a Bivens claim.  See Westbary Steel, Inc. v. United States, 970 F.2d 648, 651 (9th Cir 1992) (No declaratory or injuctive relief in a FTCA claim):

First, Plaintiff requested declaratory judgement to the extent that the Defendant's violated Plaintiff's Eight Amendment rights - not the rights violated under the color of State law. In this, Plaintiff is not requesting such judgement in the FTCA. To the extent that Plaintiff is requesting a declaratory judgement under a Bivens claim, Plaintiff's legal rights to do so have long been established.  Specifically, Plaintiff points to the Declaratory Judgment Act which allows such a thing, 28 U.S.C. § 2201, and the fact that defendant Pena went outside of her official job duty when she violated Plaintiff's constitutional rights.  Further, Defendant's claim is unavailing considering a statutory privision under the Administrative Procedures Act (APA), providing, in part:

> An action in a court of the United States seeking relief other
> than money damages and stating a claim that an agency or an

(4)

officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States in an indispensable party.  5 U.S.C. § 702

Defendant's argument seems to rely on two things:  the fact that declaratory judgements cannot issue under the FTCA, and that Ms. Pena's actions fall within the perview of her official job duty.  In support, the defendant cites Bivens. Solida v. McKelvey, 820 F.3d 1090, 1093 (9th Cir. 2016), which found that injunctive or declaratory relief where the equitable relief sought requires government action.  In that case, the plaintiff requested such relief in a suit against a government employee. It was determined that the employee's action did not rise to a constitutional violation and the Bivens remedy was thus not available.  If it had been then a declaratory judgement would have been appropriate.  But, like argued, plaintiff's complaint alleges facts that makes defendant Pena liable both under the color of state law and of the constitution.

It is for these reasons that Defendant's ground for failure to properly plead a waiver of sovereign immunity should be denied.

(5)

C.  As to the claim that Plaintiff failed to
    state an Eighth Amendment Deliberate
    Indifference Claim, this ground should be
    denied

Defendant argues that Plaintiff has failed to properly argue that Defendant Pena's actions amounted to a constitutional violation.  Then Defendant's pleadings go into various fact-specific reasons why the deliberate indifference standard was not met.  This claim fails for a couple of reasons:  A) it requires this court to resolve the merits of the case - which is not allowed under Rule 12(b)(6), and; B) the Defendant left out key information in making her claim.

First, Defendant relies heavily on the fact that Ms. Pena believed that Plaintiff had Staph and beyond that, "[t]here is no indication that she saw him again, or that she had any reason to suspect his condition was urgent or worsening."  Doc. 56, at p. 10.  This argument fails to take into account the fact that Plaintiff states that he pleaded for further help "to more Nurses, and to the medical staff that brought him his medication."  SAC, at ¶ 8.  Ms. Pena was a Nurse and did bring Plaintiff medication.  Just because Plaintiff was in too much pain and agony to properly identify all parties at every stage does not proclude Ms. Pena from being one of those Nurses that failed to help Plaintiff after that first encounter.  The fact that she was not specifically named is a matter for discovery and not one of dismissal.  In either case, in deciding on a deliberate indifference case, plaintiff does not have to show that defendant knew exactly what was wrong or what the consequences could be if it

(6)

was clear that he had a serious problem and that the defendant disregarded it. See, e.g., Dominguez v. Correctional Medical Services, 555 F.3d 543, 550 (6th Cir. 2009), Alsina-Ortiz v. LaBoy, 400 F.3d 77, 83 (1st Cir. 2005). If the risk was sufficiently obvious, a finding can be found that the defendant knew about it. Farmer v. Brennan, 511 U.S. 825, 842-43, 114 S. Ct. 1970 (1994).

Saying that, the defendant's claim for relief relies on fact-dependant inquiries to support the Motion to Dismiss. This is not allowed by Rule 12(b)(6) and is within the proper jurisdiction of the jury to decide. It is for these reasons that Defendant's motion as to this ground should be denied.

### D. As to the claim of Qualified Immunity, this ground should be denied

Defendant's argument as to this point relies on the fact that Ms. Pena must have had notice that her actions clearly violated the constitutional rights of Plaintiff. Pearson v. Callahan, 555 U.S. 223, 231 (2009); Ashcroft v. Al-Kidd, 563 U.S. 731, 735, 741 (2011). Ms. Pena should have been aware that allowing someone to suffer while he begged for help was against the law - and the constitutional protections afforded by the Eighth Amendment. Maybe, as Defendant argues in section C of her response, it is true that the initial encounter wherein the serious medical condition was mistaken for Staph does not rise to a constitutional level. But again, Plaintiff alleges that she might have encountered Plaintiff again and thus had sufficient opportunity to see the serious degregation of Plaintiff's arm. The Eighth Amendment is built into the Constitution to

(7)

protect against needless pain and suffering.  Sufficient notice of her actions had been given.  All she had to do was report the major illness, yet she did not.  And in this, she is not eligible for the protections of qualified immunity and this claim in the Motion to Dismiss should be denied.

     E.  Defendant failed to argue dismissal for all claims and this motion cannot be dismissed because of it

Even if this Court decides to agree that the grounds in Defendant's motion to dismiss should be granted, and the claims therefore dismissed, the Defendant failed to argue against the Tort claim for compensatory damages against the United States, and the whole of the complaint should not be dismissed.  In this, Defendant's motion to dismiss should be denied.

CONCLUSION

WHEREFORE, for the reasons aformentioned, Defendant's Motion to Dismiss should be DENIED in its entirety.

Date:

Thomas Clutts Jr.
# 66193-112
F.C.I. Butner Medium II
P.O. Box 1500
Butner, N.C. 27509

(8)

# CERTIFICATE OF SERVICE

I, Thomas Clutts Jr., hereby certify that I have served a true and correct copy of the following:

Plaintiff's Reply In Opposition to Defendant's Motion to Dismiss

This ACTION is deemed filed at the time it was delivered to prison authorities for forwarding, [See *Houston v. Lack*, 101 L.Ed.2d 245 (1988)], upon the defendant(s) or plaintiff(s) and/or their attorney(s) of record, by placing said MOTION/PETITION(s) in a sealed, postage prepaid envelope addressed to:

Jill S. Casselman
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, CA 90012

This LEGAL ACTION was deposited in the United States Mail at the Federal Correctional Complex- Butner II which is located at
PO Box 1500 Butner, NC 27509 .

I declare, under penalty of perjury, that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

EXECUTED and SIGNED on this 7th day of May 2025 ,

Petitioner/Propria Persona
Reg. No.
Thomas Clutts Jr
66193-112
PO Box 1500
Butner, NC 27509

Thomas Clutts, Jr. #66193-112
Federal Correctional Institution 2
PO Box 1500
Butner, NC 27509

RALEIGH NC 275
Research Triangle Region
13 MAY 2025 P

FOREVER USA

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY
BY
MAY 16 2025
CLERK, U.S. DISTRICT COURT
RECEIVED

Legal Mail

Office of the Clerk
255 East Temple Street, Room 180
Los Angeles, California 90012

90012-333299

FEDERAL COR~      ~NAL ~ T. #2
P.O. BOX 1500
~UTNER, NORTH CAR~LINA 27509

DATE: _____5-12-25_____

~PE~ ~A~LE~AL MAIL"

The enclos~~ ~~er was processed through special mailing
proce~ ~s for forwarding to you. The letter has been
~ ~ner opened or inspected. If the writer raises a question
or problem over which this facility has jurisdiction, you
may wish to return the material for further information
or clarification. If the writer enclosed correspondence for
forwarding to another addressee, please return the enclosed
to the above address.