**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.      2:24-cv-01291-SPG-AJR                    Date:  May 19, 2025
                                                                                  Page 1 of 3

Title:      Thomas Edward Clutts Jr. v. United States of America, et al.

---

DOCKET ENTRY:  **ORDER AUTHOZING LIMITED PRE-SERVICE DISCOVERY**

---

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

_Claudia Garcia-Marquez_          _____None_____          __None__
        Deputy Clerk                    Court Reporter/Recorder              Tape No.

ATTORNEYS PRESENT FOR          ATTORNEYS PRESENT FOR
            PLAINTIFF:                              DEFENDANTS:

         None Present                                   None Present

**PROCEEDINGS:  (IN CHAMBERS)**

On October 21, 2024, Plaintiff Thomas Edward Clutts, Jr. ("Plaintiff"), a federal prisoner incarcerated at the Federal Correctional Institution located in Butner, North Carolina ("FCI-Butner"), proceeding *pro se*, filed the Second Amended Complaint (the "SAC").  (Dkt. 31.)  The SAC alleges constitutional civil rights claims under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 (1971) and names the following defendants: (1) United States of America; (2) Nurse Pena; (3) Nurse Johnston; (4) Nurse Fields; and (5) Doctor Gulani (collectively "Defendants").  (Dkt. 31.) Plaintiff alleges that his Eighth Amendment rights were violated and also alleges claims for negligence and medical malpractice.  (Id. at 6.)  The Court reviewed the SAC and deemed it appropriate for service.  On November 1, 2024, the Court issued a Summons and Order Directing Service of Plaintiff's SAC by the U.S. Marshals Service.  (Dkts. 39-40.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.        2:24-cv-01291-SPG-AJR                    Date:  May 19, 2025
                                                        Page 2 of 3

Title:          Thomas Edward Clutts Jr. v. United States of America, et al.

On January 10, 2025, the U.S. Marshals Service filed a process receipt and return showing completed service of the SAC on Nurse Ashley Peña.  (See Dkt. 43.)  On January 28, 2025 the U.S. Marshals Service filed a process receipt and return showing completed service of the SAC on the United States of America.  (Dkt. 51.)  However, the U.S. Marshal's Service has not able to complete service of the SAC on Nurse Johnston, Nurse Fields, or Doctor Gulani because these defendants no longer work for the Federal Bureau of Prisons ("BOP").  (Dkts. 48-50.)

Accordingly, the U.S. Marshals Service still needs to personally serve Nurse Johnston, Nurse Fields, and Doctor Gulani.   On April 16, 2025, the Court directed counsel for the United States of America to file a response stating whether the U.S. Attorney's Office would accept service of the SAC on behalf of Nurse Johnston, Nurse Fields, and Doctor Gulani, all of whom appear to be former employees of the BOP.  (Dkt. 58.)  The Court noted that the U.S. Attorney's Office was under no obligation to accept service on behalf of the former employees of the BOP, but that otherwise the Court would need to authorize limited discovery so that Plaintiff could obtain the information needed for the U.S. Marshals Service to effectuate service.  (Id. at 2.)

Counsel for the United States has now undertaken a diligent inquiry, but has so far been unable to obtain a Waiver of Service of Summons from any of the unserved named defendants in this action.  (Dkt. 59.)  Accordingly, the Court authorizes limited discovery for the purpose of effectuating service on the unserved named defendants.  As such, Plaintiff must promptly pursue discovery, such as by serving one or more **subpoenas duces tecum** directed to the Federal Bureau of Prisons at Oscar Trinidad, Attorney Advisor, FDC SeaTac, P.O. BOX 13901 SEATTLE, WA 98198 to obtain unserved named defendants' last known addresses or the identity of their personal representatives, together with a copy of this Order.  The subpoenas should include detailed information about each defendant, to help ascertain each defendant's address for process of service.  The subpoenas shall be served in accordance with **Federal Rule of Civil Procedure 45, a copy of which is attached.  The subpoenas should provide the BOP 30 days to respond and should permit compliance by mailing responsive __paper__ documents directly to Plaintiff.**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.      2:24-cv-01291-SPG-AJR                          Date:  May 19, 2025
                                                             Page 3 of 3

Title:        Thomas Edward Clutts Jr. v. United States of America, et al.

        The Clerk is hereby directed to provide Plaintiff with one or more Subpoenas
Duces Tecum directed to the Federal Bureau of Prisons for each of the named unserved
defendants (Brenda Johnston, Dr. Saroj Gulani, and Christine Fields).  (See Dkt. 59-1 at
1.)  The Clerk is also directed to enter a copy of the Subpoenas as provided to Plaintiff on
the docket.

        Plaintiff is advised that he bears the burden to provide the information necessary
for service of the SAC and that failure to timely effectuate service on any unserved
defendant may result in that defendant's dismissal from the action.  See Fed. R. Civ. Proc.
4(m).  Alternatively, Plaintiff may elect to proceed only against the defendants who have
been served, Defendant Pena and the United States.  If Plaintiff wants to dismiss the
unserved defendants (Brenda Johnston, Dr. Saroj Gulani, and Christine Fields) from the
action, he may file a Notice of Dismissal in accordance with Federal Rule of Civil
Procedure 41(a)(1) noting on the form that he only wants to dismiss certain defendants
from the case.  A form Notice of Dismissal is attached for Plaintiff's convenience.

        Finally, the Court notes that on April 9, 2025, Defendants Pena and the United
States filed a Motion to Dismiss the SAC.  (Dkt. 56.)  On the same date, the Court ordered
Plaintiff to file an opposition to the Motion to Dismiss by May 9, 2025.  (Dkt. 57.)  The
docket does not reflect that Plaintiff has filed any such opposition.  Accordingly, the Court
grants Plaintiff until **June 3, 2025** to file an opposition to the Motion to Dismiss.  **Plaintiff
is warned that failure to timely file an opposition may be deemed consent to granting
the Motion to Dismiss which may result in the dismissal of the action**.

        IT IS SO ORDERED.


Attachments:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).
AO 88B, Subpoena Forms, available at
https://www.uscourts.gov/sites/default/files/ao088b.pdf.
Federal Rule of Civil Procedure 45