BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
JILL S. CASSELMAN (Cal. Bar No. 266085)
Assistant United States Attorney
          Federal Building, Suite 7516
          300 North Los Angeles Street
          Los Angeles, California 90012
          Telephone: (213) 894-0165
          Facsimile: (213) 894-7819
          Email: Jill.Casselman@usdoj.gov

Attorneys for Defendants Ashley Pena and
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS EDWARD CLUTTS, JR., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA; NURSE PENA; NURSE JOHNSON; NURSE FIELDS; DOCTOR GULANI, <br><br> Defendants. | Case No. 2:24-cv-01291-SPG-AJR <br><br> **DEFENDANTS UNITED STATES OF AMERICA AND ASHLEY PENA'S REPLY IN SUPPORT OF MOTION AND MOTION TO DISMISS** <br><br> [No Hearing Requested – Plaintiff is *pro se* and in custody] <br><br> Honorable A. Joel Richlin <br> United States Magistrate Judge |

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.    INTRODUCTION

Defendant United States moved to dismiss the Complaint of Plaintiff Thomas Edward Clutts ("Plaintiff") for: (1) failure to allege a waiver of sovereign immunity for his declaratory relief claim against the United States or Defendant Ashley Pena; (2) failure to state a claim for deliberate indifference to medical needs under the Eighth Amendment against Defendant Pena; and (3) even assuming arguendo that Plaintiff could establish a constitutional violation by Defendant Pena, Defendant Pena is entitled to qualified immunity.

Plaintiff's Opposition brief (ECF 60,) fails to counter the arguments raised by the Motion to Dismiss. Accordingly, partial dismissal is appropriate.[1] Further, because Plaintiff has already been afforded multiple opportunities to amend and further amendment of the *Bivens* claim against Defendant Pena would be futile, the Court should dismiss that claim with prejudice.

### II.    ARGUMENT

**A.    The SAC Fails to Allege a Waiver of Sovereign Immunity Applicable to Plaintiff's Claim for Declaratory Relief against the United States or Defendant Pena.**

The Motion argued that the SAC identifies no sovereign immunity waiver applicable to Plaintiff's claims for declaratory relief against the United States or Defendant Pena. Plaintiff's Opposition does not meaningfully counter these points.

With respect to the United States, Plaintiff concedes that declaratory and injunctive relief are barred under the FTCA. *See* ECF 60, at p. 4. As the FTCA is the only waiver of sovereign immunity alleged, the declaratory relief claim against the United States is barred and must be dismissed.

With respect to Defendant Pena, Plaintiff argues that declaratory relief is available

---

[1] Plaintiff's FTCA claim against the United States is not covered by this motion.

1

in a *Bivens* suit. *See* ECF 60 at p. 5. It is not. *See Solida v. McKelvey*, 820 F.3d 1090, 1093 (9th Cir. 2016) (relief under *Bivens* does not encompass injunctive and declaratory relief where the equitable relief sought requires official government action); *see also Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001) ("core purpose" of *Bivens* is to "deter[ ] individual officers from engaging in constitutional wrongdoing"—it is not a proper vehicle for altering an entity's policy). As the *Solida* court explained, "*Bivens* is both inappropriate and unnecessary for claims seeking solely equitable relief against actions by the federal government. By definition, *Bivens* suits are individual capacity suits and thus cannot enjoin official government action." *Solida*, 820 F.3d at 1094.  Put differently, "'The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities.'" *Id.* at 1093, (quoting and joining *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007)).

The SAC asserts no declaratory relief that Plaintiff could be seeking of Defendant Pena that would not implicate official government action. Accordingly, the declaratory relief claim against Defendant Pena should also be dismissed.

**B.    Plaintiff Fails to State an Eighth Amendment Deliberate Indifference Claim against Defendant Pena.**

The Motion argued that Plaintiff failed to state a plausible Eighth Amendment deliberate indifference claim against Defendant Pena because the allegations regarding her conduct fall far short of the *purposeful* wrongdoing required by the law. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) ("Deliberate indifference is a high legal standard.").

In Opposition, Plaintiff argues, in effect, that the pleading allegations must be construed in the light most favorable to him, and he is entitled to discovery to learn more about Defendant Pena's involvement in the events at issue. ECF 60 at pp. 6-7. Although Plaintiff is correct that the Court must construe his pleading in the light most favorable to him, it is not reasonable to construe his pleading—which only mentions Defendant Pena

2

in connection with the *first* day of his complaints—as actually meaning that she also saw him after that first day.  Even if the Court were to assume, contrary to the express text of the SAC, that Defendant Pena was among the "nurses"[2] who saw Plaintiff after the first day of his complaints, this would not bridge the gap between what is alleged and what is required to state a deliberate indifference claim. And Plaintiff is not entitled to discovery in order to plead a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686, 129 S. Ct. 1937, 1954, 173 L. Ed. 2d 868 (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.")

Under Ninth Circuit case law, deliberate indifference requires that the defendant "purposefully ignore[d] or fail[ed] to respond to a prisoner's pain or possible medical need." *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds by *WMX Tech., Inc., v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997). The defendant must "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Even if a prison official should have been aware of the risk, if [s]he 'was not, then [she] has not violated the Eighth Amendment, no matter how severe the risk.'" *Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (quoting *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Here, Plaintiff has not and cannot plausibly allege that Defendant Pena was aware of facts from which an inference could be drawn that a substantial risk of harm to Plaintiff existed, *and that she drew the inference*.  In other words, Plaintiff cannot allege that Defendant Pena acted <u>intentionally</u>, with a subjectively culpable state of mind. Instead, Plaintiff's own allegations reveal that Defendant Pena believed Plaintiff had Staph and treated him with medication. *See* SAC at ¶¶ 6, 8.

---

[2] As previously noted in the motion, Defendant Pena is not a nurse. She is a BOP Medical Technician.

3

At best, Plaintiff's SAC alleges an inadvertent failure or delay in providing adequate medical care, (i.e. mere negligence or medical malpractice,) or a difference of opinion over proper medical treatment. All of these are insufficient to constitute an Eighth Amendment violation. *See Estelle v. Gamble*, 429 U.S. 97, 104-107 (1976); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1995). Thus, Plaintiff's Eighth Amendment deliberate indifference claims against Defendant Pena should be dismissed.

**C.    The Doctrine of Qualified Immunity Bars Plaintiff's Eighth Amendment Deliberate Indifference Claims against Defendant Pena.**

The Motion also argued that, even if a viable Eighth Amendment claim were alleged, which it is not, the doctrine of qualified immunity would nonetheless apply to protect Defendant Pena. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation omitted) (qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'")

Plaintiff's Opposition argues that Defendant Pena "should have been aware" that her alleged conduct in "allowing someone to suffer while he begged for help," was against the law. ECF 60 at p. 7. This is insufficient. *See, e.g., White v. Pauly*, 137 S. Ct. 548, 552 (2017) (the constitutional right must not be defined "at a high level of generality"); *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (the inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition.")

Because Plaintiff's SAC is unclear as to what, if anything, Defendant Pena allegedly saw or did after that first day when she treated him for Staph, it is impossible to conclude that she had sufficient notice that her conduct violated clearly established rights. Indeed, Plaintiff is asking the Court to effectively *assume* that Defendant Pena was aware of everything that *any* BOP nurse was aware of at any time. This assumption

4

is simply not supported by the allegations of the SAC. Instead, Plaintiff can only assert that Defendant Pena "might have encountered Plaintiff again" after the first day of his claimed discomfort. *See* ECF 60 at p. 7. This falls short of alleging a "clearly established" constitutional right, and that every reasonable person in the official's position would have known that what he was doing violated that right. *Ashcroft v. Al-Kidd*, 563 U.S. 731, 741 (2011).

Plaintiff has not identified any clearly established law that Defendant Pena has violated in refusing him emergency medical care for his arm pain. In the absence of any such clearly established law, each Defendant Pena is entitled to qualified immunity.

## IV.    CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court grant this Partial Motion to Dismiss, by dismissing Defendant Pena from the action, and dismissing the claim for declaratory relief claim against the United States.

Dated: May 29, 2025                              Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section


*/s/ Jill S. Casselman*
JILL S. CASSELMAN
Assistant United States Attorney

Attorneys for Defendants United States of America and Ashley Pena


## CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.2

The undersigned, counsel of record for Defendant United States of America, certifies that the memorandum of points and authorities contains 1,428 words, which complies

with the word limit of L.R. 11-6.1.

Dated: May 29, 2025                    Respectfully submitted,

                                       BILAL A. ESSAYLI
                                       United States Attorney
                                       DAVID M. HARRIS
                                       Assistant United States Attorney
                                       Chief, Civil Division
                                       JOANNE S. OSINOFF
                                       Assistant United States Attorney
                                       Chief, General Civil Section


                                       */s/ Jill S. Casselman*
                                       JILL S. CASSELMAN
                                       Assistant United States Attorney

                                       Attorneys for Defendants United States of
                                       America and Ashley Pena

6