UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

THOMAS EDWARD CLUTTS JR. )
)
v. )
) Case No.
FEDERAL BUREAU OF PRISONS, et al. ) 2:24-cv-01291-SPG-AJR
Defendants )
)

```
FILED
CLERK, U.S. DISTRICT COURT

9/08/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: ____CGM____ DEPUTY
```

PLAINTIFF'S RESPONSE IN OPPOSITION TO
REPORT AND RECOMMENDATION

THOMAS CLUTTS JR., Plaintiff, submits this response in opposition to the Magistrate's Report and Recommendation, Doc. 64, filed on July 29, 2025. As per the Notice of Filing, all parties were given until the 18th to file any response, thus this motion is timely.

ARGUMENT

A.  Defendant Field's should not be dismissed from the case

As stated in the Report and Recommendation, Nurse Fields is the only Defendant not served in this case, and that this court allowed for limited discovery so that a subpoena may be issued. The R & R futher stated that the subpeona had not yet been filed with this Court.

Shortly after notice was given that limited discovery was available and that Plaintiff can pursue discovery through subpoena, Plaintiff alerted the BOP that he intended to do so, then he submitted a true copy the Court to issue to the BOP. See

(1)

Affidavit of Thomas Clutts in Support of Opposition to Report and Recommendation.  In the affidavit, Plaintiff avers that he had submitted the subpoena with this Court to be served on the BOP shortly after he had altered the BOP that he had planned on doing so.  This subpoena was submitted about a week after the motion of dismissal was deposited into the prisons internal mailing system.

Once the motion was placed into the internal mailing system, the process is out of Plaintiff's hands.  He has no control over how or when they send the legal mail.  In this, he is at the mercy of the prison itself to do the job of sending the mail out. Plaintiff took the steps necessary to effecuate service on the BOP, of the subpoena, and for this reason this Court should allow Plaintiff to resubmit the subpoena (filed alongside this response) and not dismiss Fields from this action.

      **B.**   **Plaintiff does not object to the dismissal of declaritory judgement claim**

As stated in the heading, Plaintiff does not object to the finding that a declaratory judgement should not be issued under the FTCA and Bivens.

C.  Plaintiff's Eighth Amendment claim alleges
    Constitutional violation and should not be
    dismissed

As far as Plaintiff alleges a violation of his Constitutional rights by Defendant Pena, Plaintiff's complaint is sufficiently built, and Plaintiff did not offer "new" information - he just restated old information.

Both the Defendant and the Magistrate argued that Plaintiff brought forth new information when he stated that Nurse Pena saw Plaintiff more than the one time that was specifically mentioned in the complaint. But this is not true. In the SAC ¶ 6, Plaintiff specifically named Nurse Pena as the probable Nurse on duty that day. Then again, Plaintiff names Nurse Pena in another incident later on down the road. Id. at ¶ 7. And yet again, Plaintiff said that "he complained to a Nurse that day," whether it was from Nurse Pena or not. id. at ¶ 8.

For these reasons, Plaintiff did not allege new facts on his reply brief, he simply restated old information. In this, Plaintiff's complaint should not be dismissed, and Defendant's Motion to Dismiss should be denied. If this Court finds otherwise than this Court should proceed with the recommendation of the Report and Recommendation so Plaintiff can add the information to the Complaint that the R & R deems to be "new" information.

CONCLUSION

It is for these reasons that this Court should partially dismiss Plaintiff Complaint, to the extent that the Declaratory Judgement should be dismissed, and should deny the Motion to

(3)

Dismiss as to all other grounds.

Date: 15 August 2025

Thomas Clutts
F.C.I. Butner Medium II
P.O. Box 1500
Butner, N.C. 27509

(4)

AFFIDAVIT OF THOMAS EDWARD CLUTTS JR. IN SUPPORT OF OPPOSITION TO REPORT AND RECOMMENDATION

1) I, Thomas Clutts Jr., am over the age of 18 and am fully competant to make this affidavit.

2) Shortly after I had received leave from this Court to conduct limited discovery so that subpoenas may be issued to the BOP, I had altered the BOP that I had planned on filing one with the Court, and shortly after that I had deposited the official copy to the Court to be filed. I had sent this to the Court about about 1 - 2 weeks after I had sent notice to the BOP and after I had submitted the voluntary motion of dismissal to this Court. As of the date of filing this affidavit, it has been a little over 1 - 2 months ago since the subpoena has been deposited into the institution's internal legal mailing system. I do not know what had happened to the subpoena that had been filed.

I declare (or certify, verify, or state) under the penalty of perjury that the foregoing is true and correct.

Executed on: 15 August 2025

T Clutts

Thomas Clutts Jr.
FCI Butner Medium II
PO Box 1500
Butner, NC 27509

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the

THOMAS EDWARD CLUTS JR. )
_____ )
_Plaintiff_ )
v. ) Civil Action No.
)
UNITED STATES OF AMERICA, et. al )
_____ )
_Defendant_ )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Federal Bureau of Prisons
_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Contact details for Nurse Fields, whom retired from the BOP in Dec. 2023, including home address, phone number, and personal e-mail address

| Place: Thomas Cluts Sr # 66193-112 FCI Butner Medium I PO Box 1500 Butner, NC 27509 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____        _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. _____

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# CERTIFICATE OF SERVICE

I, Thomas Clutts _____, hereby certify that I have served a true and correct copy of the following:

Jill Casselman
300 N Los Angeles St.
Los Angeles, CA 90012

This ACTION is deemed filed at the time it was delivered to prison authorities for forwarding, [See *Houston v. Lack*, 101 L.Ed.2d 245 (1988)], upon the defendant(s) or plaintiff(s) and/or their attorney(s) of record, by placing said MOTION/PETITION(s) in a sealed, postage prepaid envelope addressed to:

Response to Report and Recommendation, subpoena, Affidavit

This LEGAL ACTION was deposited in the United States Mail at the Federal Correctional Complex- Butner 2 _____ which is located at PO Box 1500, Butner, NC 27509 .

I declare, under penalty of perjury, that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

EXECUTED and SIGNED on this 15 day of August , 2025

T Clutts
_____
Petitioner/Propria Persona
Reg. No.
Thomas Clutts
_____
_____

Case 2:24-cv-01291-SPG-AJR   Document 66   Filed 09/08/25   Page 10 of 11   Page ID #:377

Thomas Clutts #66193-112
FCI Butner II
P. Box 1500
Butner, NC
        17509

AJR chambers
(194) 56

RECEIVED
CLERK U.S. DISTRICT COURT

SEP - 8 2025

CENTRAL DISTRICT OF CALIFORNIA

United States District
Central District of Cal
Office of the Cle
255 East Temple St.
Los Angeles, Cali
        90012