UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS EDWARD CLUTTS,<br><br>　　　　　　Plaintiff,<br>　　v.<br>UNITED STATES OF AMERICA, ET AL.,<br><br>　　　　　　Defendants. | No. 2:24-cv-01291-SPG-AJR<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

This Report and Recommendation is submitted to the Honorable Sherilyn Peace Garnett, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I.
## PROCEEDINGS

On October 21, 2024, Plaintiff Thomas Edward Clutts, Jr. ("Plaintiff"), a *pro se* federal prisoner now confined at the Federal Correctional Institution in Butner, North Carolina, filed a Second Amended Complaint ("SAC") against the United

States and four individuals who worked at the Federal Correctional Institution in Victorville, CA ("FCI Victorville") while Plaintiff was incarcerated there: Dr. Gulani, Nurse Fields, Nurse Johnston, and Nurse Pena. (Dkt. 31 at 1.) Plaintiff asserts claims pursuant to <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"). (<u>Id.</u>) Plaintiff seeks declaratory and monetary relief. (Dkt. 31 at 6-7.)

On November 1, 2024, the Court issued a Summons and Order Directing Service of Plaintiff's SAC by the U.S. Marshals Service. (Dkts. 39-40.) On January 10, 2025, the U.S. Marshals Service filed a process receipt and return showing completed service of the SAC on Nurse Ashley Pena. (<u>See</u> Dkt. 43.) On January 28, 2025, the U.S. Marshals Service filed a process receipt and return showing completed service of the SAC on the United States of America. (Dkt. 51.) However, the U.S. Marshal's Service has not been able to complete service of the SAC on Nurse Johnston, Nurse Fields, or Doctor Gulani (the "Unserved Defendants") because they no longer work for the Federal Bureau of Prisons (the "BOP"). (Dkts. 48-50.) Accordingly, on May 19, 2025, the Court authorized limited discovery so that Plaintiff could obtain the Unserved Defendants' last known addresses or the identity of their personal representatives. (Dkt. 61.)

On April 9, 2025, Defendants Pena and the United States ("Defendants") filed a Motion to Dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion"). (Dkt. 56.) On July 29, 2025, the Court granted Defendants' Motion with leave to amend as to Plaintiff's Eighth Amendment deliberate indifference claim against Defendant Pena. (Dkt. 64.) On November 12, 2025, the District Court accepted the Court's Report and Recommendation. (Dkt. 68.) On November 13, 2025, the Court ordered Plaintiff to file a Third Amended Complaint ("TAC") on or before December 13, 2025. (Dkt. 69.) The Court warned that failure to file a TAC would result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders. (<u>Id.</u>)

On February 5, 2026, having not received a TAC, the Court issued an Order to Show Cause (the "OSC") directing Plaintiff to explain why this action should not be dismissed for failure to prosecute. (Dkt. 72.) Plaintiff was ordered to respond by February 19, 2026, and expressly warned that failure to timely file a response would result in a recommendation that this action be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with court orders. (Id.)

As of the date of this report, Plaintiff has not filed a TAC or any other response to the Court's February 5, 2026 Order. For the reasons discussed below, the Court recommends that Judgment be entered DISMISSING THIS ACTION WITH PREJUDICE for failure to prosecute and comply with Court orders.

## II.

## DISCUSSION

### A. Plaintiff's Claims Are Subject To Dismissal For Failure To Prosecute.

Federal Rule of Civil Procedure 41(b) grants district courts the authority to *sua sponte* dismiss actions for failure to prosecute or comply with court orders. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-31 ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). Dismissal, however, is a harsh penalty and is to be imposed only in extreme circumstances. Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)).

In considering whether to dismiss an action for failure to prosecute, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza,

291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61). The Ninth Circuit will "'affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal.'" Dreith, 648 F.3d at 788 (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Here, the five factors support dismissal.

### 1. Expeditious Resolution And The Court's Need To Manage Its Docket.

In the instant action, the first two factors, *i.e.*, the public's interest in expeditious resolution of litigation and the Court's need to manage its docket, strongly favor dismissal. Despite multiple warnings that failure to timely file a FAC could result in a recommendation of dismissal, (Dkt. 69; Dkt. 72 at 2), Plaintiff did not file an amended complaint or request additional time to do so.

Plaintiff's conduct hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently. As a result, the first two factors favor dismissal here. See Ash v. Cvetkov, 739 F.2d 493, 496-97 (9th Cir. 1984) (affirming dismissal of action for failure to prosecute where plaintiff's failure to respond to court order resulted in month-long delay that impaired the trial court's ability to manage its caseload and reflected plaintiff's loss of interest in the litigation).

### 2. The Risk of Prejudice to Defendants.

The third factor, prejudice to Defendants, also favors dismissal. "Unreasonable delay is the foundation upon which a court may presume prejudice." Southwest Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000); see also Pagtalunan, 291 F.3d at 643 (unnecessary delay caused by plaintiff's inaction "inherently increases the risk that witnesses' memories will fade and evidence will become stale"). Risk of prejudice to a defendant is related to the plaintiff's reason for failure to prosecute an action. See id. at 642 (citing Yourish, 191 F.3d at 991).

Here, Plaintiff has not offered the Court any excuse or explanation for his

failure to file an amended complaint. The Court cannot move this case forward unless and until Plaintiff files an amended complaint. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. See Yourish, 191 F.3d at 991-92. Therefore, this factor favors dismissal.

### 3. Less Drastic Alternatives.

The fourth factor, availability of less drastic alternatives, also favors dismissal. The Court has attempted to avoid outright dismissal of Plaintiff's claims by advising Plaintiff of his need to file an amended complaint and by warning him that failure to do so would result in a recommendation of dismissal in multiple orders. (See Dkt. 69; Dkt. 72 at 2); see also Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Plaintiff has not filed an amended complaint and has not provided good cause as to why he has not done so. Alternatives to dismissal do not appear to be appropriate given Plaintiff's failure to respond to the Court's orders.

### 4. Public Policy Favoring Disposition On The Merits.

The fifth factor, the public policy favoring the disposition of cases on their merits, ordinarily weighs against dismissal. See Dreith, 648 F.3d at 788. However, it is the responsibility of the moving party to prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). Here, Plaintiff has failed to discharge his responsibility to prosecute his claims against Defendants despite express warnings about the possibility of dismissal of his claims. (Dkt. 69; Dkt. 72 at 2.) Under these circumstances, the public policy favoring the resolution of disputes on the merits does not outweigh Plaintiff's failure to respond to the Court's order and prosecute his claims against Defendants.

For the above-stated reasons, the Court concludes dismissal of Plaintiff's

claims is warranted. The Court recommends dismissal of all Plaintiff's claims with prejudice due to Plaintiff's failure to prosecute and obey Court orders. See Pagtalunan, 291 F.3d at 643 (affirming dismissal of action with prejudice based on failure to timely file amended pleading); Yourish, 191 F.3d at 992 (same). Plaintiff was expressly warned about the possibility of dismissal in multiple orders. (See Dkt. 69; Dkt. 72 at 2.) Plaintiff has not filed anything in this action since September 8, 2025 and appears to have abandoned this lawsuit. The Court is unable to move the case forward without Plaintiff's participation. Plaintiff will have an opportunity to file objections to this Report and Recommendation if he wishes to challenge this dismissal.

### III.
### RECOMMENDATION

IT IS RECOMMENDED that the District Court issue an Order: (1) accepting and adopting this Report and Recommendation; (2) directing that Judgment be entered DISMISSING THIS ACTION WITH PREJUDICE for failure to prosecute and failure to comply with Court orders.

DATED: March 2, 2026

_____
HON. A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in Local Civil Rule 72 and review by the District Judge whose initials appear in the docket

number.  **Under Local Rule 72-3.4, any objection to this Report and Recommendation must be filed within twenty (20) days**.  No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.